# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

**ERNEST OTIS BROOKS,**

        **Plaintiff,**         **CASE NO.: 3:24-cv-549-MMH-PDB**

v.

**BINDERHOLZ LIVE OAK LLC,**

        **Defendant.**

_____/

## VERIFIED AMENDED COMPLAINT

Plaintiff, ERNEST O. BROOKS, hereby sues Defendant, BINDERHOLZ LIVE OAK LLC, aka KLAUSNER LUMBER ONE LLC and alleges:

## NATURE OF THE ACTION

1. This is an action brought under Chapter 760, Florida Statutes and the Family and Medical Leave Act (FMLA) of 1993, codified at 29 U.S.C. §§2612, 2624.

2. This action involves claims which are, individually, in excess of Fifty Thousand Dollars ($50,000.00), exclusive of costs and interest.

## THE PARTIES

3. At all times pertinent hereto, Plaintiff, ERNEST O. BROOKS, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a

member of a protected class because of his prior lawsuit and charge of discrimination against Defendant which gave rise to retaliation against Plaintiff.

4. At all times pertinent hereto, Defendant, BINDERHOLZ LIVE OAK LLC., has been organized as a foreign corporation and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5. Plaintiff has satisfied all conditions precedent to bringing this action, if any.

## STATEMENT OF THE ULTIMATE FACTS

6. In December, 2017, Plaintiff was constructively discharged from his former employer, Klausner Lumber One LLC (Klausner).

7. In May, 2018, Plaintiff filed a charge of discrimination against Klausner due to actions taken against him due to his association with his disabled wife. In that charge, he alleged disability discrimination against him because of said association. In April, 2019, Plaintiff filed a lawsuit against Klausner alleging disability discrimination under the Florida Civil Rights Act codified at Chapter 760, Florida Statutes and violations of the Family and Medical Leave Act of 1993 (FMLA) codified at 29 U.S.C. §§ 2612, 2624. In that lawsuit, he alleged that actions

were taken against him because of his association with his disabled wife and that he had been the victim of retaliation under the FMLA after requesting and taking leave thereunder.

8.  On or about April 30, 2020, Klausner filed for bankruptcy. Sometime thereafter, in or around 2020 or 2021, the Defendant purchased Klausner's assets and plant. Klausner now operates under the company name BINDERHOLZ LIVE OAK LLC, the Defendant in this case.

9.  Thereafter, Defendant began rehiring employees who worked at Klausner, including many of the management employees who previously worked for Klausner.

10. The management employees who previously worked for Klausner who went to work for Binderholz were Plant Manager Daniel Dorfer and Supervisor Wayne Whisnat. Both of these upper level employees of Klausner went to work for Binderholz and were employed there at the time that Plaintiff applied for multiple positions with Binderholz.

11. Both current and former employees of Defendant told Plaintiff that both of these management level employees were working at Binderholz at the time Plaintiff applied there.

12. Beginning in 2020 and into 2022, Plaintiff applied for multiple positions on multiple occasions with Defendant.

3

13. Plaintiff put on his application that he previously worked for Klausner.

14. At the time Plaintiff applied multiple times to work with Defendant, he spoke with Human Resources Director William Snipes with Defendant around four times about why he was not being hired. These conversations occurred in the 2021 time period. Snipes told Plaintiff each time he spoke with him that he just needed to "keep trying back." Plaintiff asked him multiple times why Binderholz was hiring people off the street with no experience when Plaintiff had significant experience, having worked in every department in the Klausner Lumber Mill without complaint or discipline for two years. Snipes response was to "keep trying back."

15. No legitimate reason was given by Binderholz, through Snipes, for not hiring him when several of the people who were hired by the Defendant had less experience than Plaintiff had as he worked with them at Klausner and knew their experience.

16. Kenneth Beasley was identified by Plaintiff in his prior lawsuit and provided a sworn statement supporting Plaintiff's claims. Plaintiff has personal knowledge that Kenneth Beasley was highly qualified, as was Plaintiff, for the positions they both sought with the Defendant. Plaintiff worked with Beasley

4

daily and they both worked seven days a week, 72 hours per week. He too, like Plaintiff, was not hired by the Defendant when they applied there.

17. Plaintiff also has knowledge that Dorfer was involved in the hiring process because he called Curley Jackson and Bryan Jackson to ask them to "come back" to work with Binderholz. Dorfer was thus involved in the hiring process for employees with Defendant.

18. There is no one known to Plaintiff who applied to work for the Defendant, who previously worked for Klausner, who was not hired other than Plaintiff and Beasley.

19. Dorfer and Whisnat had to have knowledge of Plaintiff's past lawsuit and charge of discrimination because they were in high level positions within Defendant, Dorfer being the plant manager at Klausner and then at Binderholz.

20. Defendant failed to hire Plaintiff, and instead, hired Curly Jackson, Bryan Jackson, Jamel Brooks, Tyrone Tillman, Brandon Livingston, Raymond Marshall, Ronnie Martin, Thomas Vickers, Caleb Parsons, Marcus Moore and Jordon Frye, each of whom previously worked within facility management at Klausner alongside Plaintiff. Other positions were also open and available but Defendant refused to hire Plaintiff into any of these positions despite his qualifications.

21. Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## RETALIATION

22. Paragraphs 1 through 21 are realleged and incorporated herein by reference.

23. Defendant is an employer as that term is used under the applicable statutes referenced above.

24. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported or opposed unlawful employment practices adversely affecting him under Chapter 760, Florida Statutes.

25. The foregoing unlawful actions by Defendant were purposeful.

26. Plaintiff voiced opposition to unlawful employment practices during his employment with Defendant and was the victim of retaliation thereafter, as related in part above.

27. Plaintiff is a member of a protected class because he reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

28. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent. Plaintiff is entitled to punitive damages and to injunctive relief.

## COUNT II
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

29. Paragraphs 1 through 21 are re-alleged and are incorporated herein by reference.

30. This is an action against Defendant for its violation of the Family and Medical Leave Act (FMLA) Act of 1993, 29 U.S.C. §§ 2612, 2624.

31. This is an action against Defendant for retaliation against Plaintiff for filing a prior lawsuit against Klausner due to violations of the FMLA. This is a retaliation case.

32. In his prior lawsuit, Plaintiff alleged that after taking intermittent leave for his wife's serious health conditions, Klausner relocated Plaintiff to a shift that it knew Plaintiff could not work due to his wife's serious medical condition. Klausner then took adverse personnel actions against Plaintiff for using protected leave, and then constructively terminated him because of his need for leave.

33. Many of the same persons who took action against Plaintiff with Klausner became employed with Defendant and were well aware of Plaintiff's prior lawsuit.

34. Prior to Plaintiff's need for leave for his wife's serious medical condition, he worked for Klausner for more than one year and he worked for more than 1,250 hours.

35. Defendant's refusal to hire Plaintiff is a willful violation of the FMLA.

36. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered past and future pecuniary losses, inconvenience, lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are occurring at present and will continue in the future. Plaintiff is entitled to liquidated damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)     enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)     enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)     enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f)     award Plaintiff interest where appropriate; and

(g)     grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

FURTHER DECLARANT SAYETH NAUGHT.

I hereby declare under penalty of perjury that the forgoing is true and correct, this 21st day of June 2024.

                                                      DocuSigned by:

                                      _____

                                      Ernest Brooks

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and accurate copy of the foregoing has been served on all counsel of record by CM/ECF this 21st day of June, 2024.

/s/ Marie A. Mattox
Marie A. Mattox

10