## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**ERNEST OTIS BROOKS,**

     **Plaintiff,**

**v.**                          **CASE NO.: 3:24-cv-549**

**BINDERHOLZ LIVE OAK LLC,**

     **Defendant.**

_____/

### DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendant, BINDERHOLZ LIVE OAK LLC ("Defendant" or "Binderholz"), by and through its undersigned counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Local Rule 3.01, hereby moves this Court for an Order dismissing Plaintiff's Amended Complaint [Doc. 12] for failure to state a claim upon which relief can be granted. In support thereof, Defendant states as follows:

### INTRODUCTION AND BACKGROUND

1.     This action originated on March 18, 2024, when Plaintiff filed this lawsuit in the Circuit Court for the Third Judicial Circuit, in and for Suwanee County, Florida, alleging retaliation claims under the Florida Civil Rights Act ("FCRA") and the Family and Medical Leave Act of 1993 ("FMLA").  [Doc. 6 ¶ 1].

2.     On May 31, 2024, Defendant removed the matter to the United States District Court for the Middle District of Florida, Jacksonville Division. [Doc. 1].

3.      On June 7, 2024, Defendant filed an unopposed motion to dismiss Plaintiff's Complaint [Doc. 9], arguing Plaintiff's Complaint failed to state a claim upon which relief could be granted because Plaintiff had not alleged sufficiently alleged claims for retaliation under the FCRA and FMLA, including that Plaintiff had failed to allege Defendant had any knowledge of Plaintiff's alleged protected activity while he was employed by a different company, Klausner Lumber One, LLC ("Klausner").

4.      On June 21, 2024, Plaintiff filed his Amended Complaint, once again alleging retaliations claims under the FCRA and the FMLA. [Doc. 12].

5.      Plaintiff's Amended Complaint suffers from the same deficiencies as Plaintiff's original Complaint.

6.      As alleged in the Amended Complaint, in December 2017, Plaintiff was constructively discharged from his former employer, Klausner. [Doc. 12 ¶ 6]. In May 2018, he filed a EEOC Charge against Klausner, alleging discrimination based on his association with his disabled wife. [Doc. 12 ¶ 7]. In April 2019, he filed a lawsuit against Klausner, alleging disability discrimination and violation of the FMLA. [Doc. 12 ¶ 7].  In that lawsuit, he alleged Klausner took actions against him because of his association with his disabled wife and in retaliation for taking leave under the FMLA. [Doc. 12 ¶ 7].

7.      In April 2020, Klausner filed for bankruptcy. [Doc. 12 ¶ 8].  In October 2020, Defendant purchased Klausner's facility and equipment at auction, and the facility is now operated as Binderholz Live Oak LLC. [Doc. 12 ¶ 8].

8.      Plaintiff alleges Defendant rehired certain employees who worked at Klausner, including management employees. [Doc. 12 ¶ 9]. The management employees who previously worked for Klausner are Plant Manager Daniel Dorfer and Supervisor Wayne Whisnat, and they were allegedly working for Binderholtz at the time Plaintiff applied for employment there. [Doc. 12 ¶ 10].

9.      Plaintiff alleges he applied for multiple positions with Defendant beginning in 2020 and into 2022 and he put on his application he previously worked for Klausner [Doc. 12 ¶¶ 12-13].

10.     Plaintiff alleges Defendant failed to hire him and the HR Director who made the decision, William Snipes, never gave him a "legitimate" reason for not doing so. [Doc. 12 ¶¶ 14-15].

11.     As a condition precedent to filing this lawsuit, on September 27, 2021, Plaintiff filed a Charge of Discrimination (the "Charge") with the Equal Employment Opportunity Commission ("EEOC"), alleging claims of retaliation and discrimination based on disability. Attached as Exhibit "A" is a true and correct copy of Plaintiff's Charge.[1]

12.     Plaintiff's Amended Complaint alleges claims of retaliation under the FCRA and the FMLA. In support of his claims, Plaintiff makes vague and conclusory

---

[1] A district court may consider a document attached to a motion to dismiss, without converting it to a motion for summary judgment, when the plaintiff refers to the document in his complaint, it is central to his claims, and there is no reasonable dispute as to the authenticity of the document. *Booth v. City of Roswell*, 754 F. App'x 834, 836 (11th Cir. 2018). Here, Plaintiff specifically referred to his EEOC Charge in the Amended Complaint.  [Doc. 12 ¶ 7].

statements he "is a member of a protected class because of his prior lawsuit and charge of discrimination against Defendant which gave rise to retaliation against Plaintiff," and Defendant "was Plaintiff's employer as it relates to these claims" [Doc. 12 ¶¶ 3-4].

13.    However, the Amended Complaint shows on its face Plaintiff was never employed by Defendant at any time but rather was only previously employed by Klausner until he was constructively discharged in 2017. [Doc. 12 ¶¶ 6-8]. Therefore, Plaintiff improperly conflates the use of "Defendant" with his prior employer, Klausner.

14.    The only substantive addition to Plaintiff's Amended Complaint regarding Defendant's alleged knowledge of Plaintiff's prior activity at Klausner is that two management employees who worked for Klausner, Plant Manager Daniel Dorfer and Supervisor Wayne Whisnat, went to work for Binderholz and were employed by Binderholz at the time Plaintiff applied.  [Doc. 12 ¶ 10].

15.    Based on the fact Dorfer and Whisnat were working for Binderholz at the time Plaintiff applied, Plaintiff alleges, in conclusory terms, they "h**ad to have knowledge** of Plaintiff's past lawsuit and charge of discrimination because they were in high level positions within Defendant." [Doc. 12 ¶ 19 (emphasis added)]. However, Plaintiff does not allege the individual who made the decision not to hire him at Binderholz, HR Director William Snipes, had any knowledge of his prior activities at

Klausner at the time he rejected Plaintiff's application, which is fatal to Plaintiff's claims.

16.     In addition, like the original Complaint, the Amended Complaint includes vague allegations that Plaintiff "voiced opposition to unlawful employment practices during his employment with Defendant and was the victim of retaliation thereafter" and "this a retaliation case". [Doc. 12 ¶¶ 26, 31].  However, the only facts Plaintiff alleges to support his claims are as follows: "[A]fter taking intermittent leave for his wife's serious health conditions, Klausner relocated Plaintiff to a shift that it knew Plaintiff could not work [. . .] then constructively terminated him because of his need for leave." and "Defendant's refusal to hire Plaintiff is a willful violation of the FMLA". [Doc. 12 ¶¶ 32, 35].

17.     As with the original Complaint, the Amended Complaint contains only generic and conclusory statements to support Plaintiff's claims. As such, Plaintiff has failed to state a claim for which relief can be granted, and his Amended Complaint should be dismissed in its entirety.

## ARGUMENT AND MEMORANDUM OF LAW

### I.    Legal Standard

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). A complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (alteration in original). Consequently, a district court may "insist upon some specificity in [the] pleading before allowing a potentially massive factual controversy to proceed." *Twombly,* 550 U.S. at 558 (quotations omitted).

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See, e.g.*, *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012). However, although a court is required to accept all the allegations contained in the complaint, this principle <u>does not</u> apply to legal conclusions. *Iqbal*, 556 U.S. at 678. The Supreme Court has made it clear that courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

To escape dismissal, a complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 683 (quoting *Twombly*, 550 U.S. at 570). "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant

6

is liable for the misconduct alleged.'" *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). "The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678).

## II.   Plaintiff Fails to State a Claim for Retaliation Under the FCRA and FMLA

Plaintiff has failed to plead any facts in support of a claim for retaliation under the FCRA and FMLA; therefore, the Amended Complaint should be dismissed in its entirety. The FCRA, mirroring Title VII, forbids employers from retaliating against any person because of his or her opposition to an unlawful employment practice or their participation in a related investigation, proceeding, or hearing. Fla. Stat. § 760.10(7).

To establish a *prima facie* case of retaliation under Title VII, Plaintiff must allege (1) he engaged in statutorily protected activity; (2) he suffered an adverse employment action; and (3) there is a causal link between the protected activity and the adverse action.[2] There is a relatively short statute of limitations for filing a charge. A charge must be filed within 180 days after the alleged unlawful employment practice occurred (extended to 300 days if a state or local agency enforces a law that prohibits employment discrimination on the same basis) and notice of the charge (including the

---

[2] *Bryant v. Jones*, 575 F.3d 1281, 1307-1308 (11th Cir. 2009); *Burgos v. Napolitano*, 330 Fed. App'x. 187, 189 (11th Cir. 2009) (citing *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1260-61 (11th Cir. 2001); *Fleming v. Boeing Co.*, 120 F.3d 242, 248 (11th Cir. 1997), citing *Biggie v. Albertson's Inc.*, 894 F.2d 1497 (11th Cir. 1990).

date, place, and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days. 42 U.S.C. § 2000e-5 (West).

An employee is required to prove the third element "according to traditional principles of but-for causation". *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2522 (2013). An employee must prove that the employer would not have taken the adverse employment action but-for the employee's participation in the protected activity, not that it was simply a motivating factor in the decision. *Id*. Further, where the party making the decision regarding the adverse employment action has no knowledge of the employee's protected activity, there is no requisite causal link between the protected activity and the adverse action. *Clover v. Total Systems, Inc.*, 176 F.3d 1346, 1356 (11th Cir. 1999).

In *Clark Cnty. Sch. Dist. v. Breeden*, Respondent alleged Petitioner took two separate adverse employment actions against her in response to two protected activities she engaged in. *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 269, 121 S. Ct. 1508, 1509, 149 L. Ed. 2d 509 (2001). Respondent filed her lawsuit on April 1, 1997, and on April 10, 1997, her supervisor made a statement to the Executive Director of Respondent's union that she was contemplating transferring Respondent to a different position. *Id*. at 272. The District Court found Respondent did not serve Petitioner with the summons and complaint until April 11, 1997, one day *after* her supervisor made

the statement. *Id*. Further, the supervisor filed an affidavit stating that she did not become aware of Respondent's lawsuit until after April 11, 1997. *Id*.

The Court of Appeals reversed, relying on facts that the EEOC issued a right-to-sue letter to Respondent three months *before* her supervisor contemplated transferring her and the actual transfer occurred *after* her supervisor learned of the suit. *Id*. However, the Supreme Court reversed the judgment of the Court of Appeals, finding: "First, there is no indication that Rice even knew about the right-to-sue letter when she proposed transferring respondent. And second, if one presumes she knew about it, one must also presume that she (or her predecessor) knew almost two years earlier about the protected action (filing of the EEOC complaint) that the letter supposedly disclosed. (The complaint had been filed on August 23, 1995 [. . .].)" *Id*. at 273.

The temporal proximity between an employer's knowledge of the protected activity and an adverse employment action is sufficient evidence of causality to establish a *prima facie* case for retaliation; however, the temporal proximity must be "very close".[3] Thus, the Court held in *Clark Cnty. Sch. Dist.* that action taken 20 months later suggests, by itself, no causality at all. *Id*. at 274.

In *Equal Employment Opportunity Commission v. MacMillan Bloedel Containers, Inc.*, an employee filed charges of race and sex discrimination with the EEOC against the

---

[3] *Id*. at 273-74. (citing *O'Neal v. Ferguson Constr. Co.*, 237 F.3d 1248, 1253 (C.A.10 2001). *See, e.g., Richmond v. ONEOK, Inc.*, 120 F.3d 205, 209 (C.A.10 1997) (3–month period insufficient); *see also Hughes v. Derwinski*, 967 F.2d 1168, 1174–1175 (C.A.7 1992) *274 (4–month period insufficient).)

Flintkote Company. *Equal Emp. Opportunity Comm'n v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086, 1088 (6th Cir. 1974). The defendant, MacMillan, later took over operation of Flintkote's Cleveland Facility. *Id*. The EEOC then filed suit against MacMillan, claiming that "Defendant Corporation engaged in employment practices made unlawful by Title VII." *Id*. However, the court held that the record conclusively established that MacMillan was not named in the employee's charge with the EEOC, only Flintkote, and was entitled to a more definite statement of the allegations. *Id*. at 1094.

Similarly, in *Litterdragt v. Miami-Dade County*, 2015 WL 13755504 (S.D. Fla. June 12, 2015), the Court granted the defendant's motion to dismiss the plaintiff's retaliation claims under Title VII and the FMLA where the plaintiff failed to plead the decisionmaker was aware of the protected conduct at the time of the adverse employment action. *Id*. at *8.  In reaching its decision, the Court stated as follows:

> "To establish the causal connection element, 'a plaintiff need only show that the protected activity and the adverse action were not wholly unrelated.'" Brungart, 231 F.3d at 799 (quoting Clover v. Total Sys. Servs., Inc., 176 F.3d 1346, 1354 (11th Cir. 1999) ). "***In order to show the two things were not entirely unrelated, the plaintiff must generally show that the decision maker was aware of the protected conduct at the time of the adverse employment action.***" Id.; see Goldsmith v. City of Atmore, 996 F.2d 1155, 1163 (11th Cir. 1993). (emphasis added).
>
> The Plaintiff in this complaint, however, does not allege that Wilcox knew about her requesting for FMLA leave, and, as the Defendant points out, Plaintiff and Wilcox had their issues well before she requested for FMLA leave. [D.E. 21 at 13]. Therefore, because the complaint does not

10

provide facts establishing a causal link between the alleged adverse employment action and the statutorily-protected activity, it fails to state a claim for retaliation and should be dismissed. See Iqbal, 556 U.S. at 678 ("threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Id. at *8. See also Uppal v. Hospital Corp. of America, 482 Fed. Appx. 394, 397 (11th Cir. 2012) (affirming dismissal of retaliation claim where plaintiff did not allege decisionmaker was aware of protected activity).

As in the cases cited above, Defendant in the instant case was not named in either Plaintiff's EEOC Charge against Klausner in May 2018 or the lawsuit against Klausner in April 2019. These actions were taken exclusively against Klausner by Plaintiff's own admission. [Doc. 12 ¶ 32]. In fact, Defendant did not purchase Klausner's facility until more than a year later. [Doc. 12 ¶ 8]. Therefore, Plaintiff's Amended Complaint does not sufficiently he engaged in protected activity with respect to Binderholz.

In addition, Plaintiff fails to allege Defendant's HR Director, William Snipes, who is the decision-maker in the case, had any knowledge of the charge or lawsuit against Klausner when he made the decision not to hire Plaintiff. Accordingly, Mr. Snipes could not have made the decision not to hire Plaintiff because of activity of which he was entirely unaware. Plaintiff's conclusory allegation that management employees Dorfer and Whisnat "had to have knowledge of Plaintiff's past lawsuit and charge of discrimination because they were in high level positions at Klausner" [Doc. 12 ¶ 19], fails to extend beyond conjecture. As such, Plaintiff's Amended Complaint

fails to plead a claim for which he is entitled to relief and should be dismissed with prejudice.

Finally, even if it is presumed Defendant had knowledge of Plaintiff's alleged protected activity (i.e., the filing of the EEOC Charge against Klausner in May 2018 and the lawsuit against Klausner in April 2019), there is no temporal proximity between these activities and the alleged adverse employment action (i.e., Defendant failing to hire Plaintiff between 2020 and 2022). Thus, as in the cases cited above, any alleged action taken against Plaintiff by Defendant suggests no causality at all.

## CONCLUSION

Plaintiff fails to sufficiently allege his protected activity against his prior employer, Klausner, bears any relation to Defendant's decision not to hire him, nor does Plaintiff establish his prior EEOC Charge or lawsuit against Klausner was the but-for reason he was not hired by Defendant. Thus, for these reasons, Defendant respectfully requests the Court enter an Order dismissing Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted, together with such other and further relief as the Court deems just and proper.

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned certifies that, pursuant to Local Rule 3.01(g), on July 5, 2024, Defendant's counsel conferred with Plaintiff's counsel, Marie Mattox, regarding the matters set forth in this motion, and the parties were unable to reach an agreement on the motion.

DATED this 5th day of July, 2024.

Respectfully submitted,

*/s/ Christine A. Wasula*
CHRISTINE A. WASULA
Florida Bar No:  148164
REBECCA M. BURTON
Florida Bar No.: 1048576
COLE, SCOTT & KISSANE, P.A.
Tower Place, Suite 400
1900 Summit Tower Boulevard
Orlando, Florida 32810
Telephone: (321) 972-0075
Facsimile: (321) 972-0099
Primary Email:
Christine.wasula@csklegal.com
Secondary Email:
Rebecca.burton@csklegal.com
Secondary Email:
Cherie.heckford@csklegal.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of July 2024, a true and correct copy of the foregoing was filed with the Clerk of the Court by using the CM/ECF system.

*/s/ Christine A. Wasula*

13

EEOC Tampa FO
date received 9/29/2021

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA<br>[X] EEOC | 511-2022-00017 |

| Florida Commission On Human Relations | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (incl. Area Code) | Date of Birth |
|---|---|---|
| **Ernest Otis Brooks** | **850-273-1522** | **09-03-1972** |

| Street Address | City, State and ZIP Code | Email address |
|---|---|---|
| **11727 102nd Terrace** | **Live Oak, FL  32064** | otisbrooks32@gmail.com |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **Klausner Lumber One LLC./Binderholz Live Oak LLC** | **15+** | **386-647-2000** |

| Street Address | City, State and ZIP Code | Email Address |
|---|---|---|
| **17152 46th Terrace** | **Live Oak, Fl  32060** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest / Latest |

DISCRIMINATION BASED ON (Check appropriate box(es).)

[ ] RACE    [ ] COLOR    [ ] SEX    [ ] RELIGION    [ ] NATIONAL ORIGIN
[X] RETALIATION    [ ] AGE    [X] DISABILITY    [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **08-2020**    Latest **08-13-2021**

[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I believe I have been discriminated against pursuant to Chapter 760 of the Florida Civil Rights Act, and/or the Americans with Disabilities Act, and/or Title VII of the Federal Civil Rights Act applicable:

Plaintiff, an African American male, worked for Defendant from March 14, 2016, until his constructive termination on December 13, 2017. Plaintiff filed a charge of discrimination against Defendant on May 10, 2018 which investigation is complete followed by a lawsuit. Defendant filed bankruptcy on or around April 30, 2020. Sometime thereafter, in or around 2020 or 2021, the Austrain Binderholz Group purchased the assets of Defendant and the plant where Plaintiff had worked and are now operating under the company name Binderholz and are rehiring workers. In retaliation for the filing of his charge of discrimination and lawsuit and in continued disparate treatment and retaliation, due to his actual and or perceived and or his association with a disabled person, Defendant and the Austrain Binderholz Group have failed to hire Plaintiff. Plaintiff applied for multiple positions on multiple occasions since Binderholz purchased Klasner but has been denied a job in favor of less qualified workers being hired. Plaintiff's former co-worker, Kenny Beasley, was also denied employment due to his association with Plaintiff and because he testified on behalf of Plaintiff during Plaintiff's lawsuit. Kenny Beasley will be filing a charge of discrimination/retaliation.

Plaintiff demands the full relief to which he is entitled under the laws applicable to this action including without limitation attorneys' fees, costs and damages

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | *Melissa Phipps* <br> 9/27/2021 |
| I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| 09/27/2021 *Ernest Otis Brooks* <br> Date          Charging Party Signature | MELISSA PHIPPS<br>Notary Public - State of Florida<br>Commission # HH 113029<br>My Comm. Expires May 16, 2025 |

**ATTORNEY OF RECORD: MARIE A. MATTOX, P.A. 203 N. Gadsden St. Tallahassee, FL 32301 (850) 383-4800**

**EXHIBIT A**